LAW AND EQUITY COURT OF THE CITY OF RICHMOND

James L. McGraw et al.

v.

Sally Ann McGraw et al.

October 12, 1971

By JUDGE A. CHRISTIAN COMPTON

Enclosed is a copy of the order entered today which overrules the demurrer of St. Luke's Hospital Corporation of Richmond, Virginia. This defendant shall be guided, of course, by Rule 2:11 with regard to the filing of its answer.

The issue upon the demurrer is whether the said defendant is a proper party to this partition suit. The bill alleges, inter alia, that the said defendant is joined as a party "because it executed an outstanding contract to buy the said parcel of real estate" which is the subject of this suit.

The defendant argues that since the bill discloses that infants are part owners of the property and since an infant can make no valid contract for the sale of real estate, then, as a matter of law, it is not a proper party because the defendant cannot be bound on any contract for the sale of the realty, citing Ferebee v. Todd, 154 Va. 293 (1930).

Viewing the allegation in paragraph 4 of the bill as it must be on demurrer, any decision, at this stage of the proceeding, to dismiss this defendant as a party (and in so doing rule that it is not bound on a contract which is not yet before the court) would be premature.

The inference from the allegation made in the bill is that the defendant is bound under a valid contract for the sale of this property. If this be correct, the said defendant is a necessary party. While Ferebee appears to be the law based on the facts therein, the decision does not require the court to rule, at this time, that the hospital corporation is not a proper party herein. For a case distinguishing Ferebee on its facts, see Ash v. Wesley, 177 Va. 571, 579 (1941). "[E]very person having or claiming an interest in the estate is a necessary party" in a partition suit. Lile's Equity Pleading and Practice (3rd Ed.), Section 363, p. 209. See also Hogg's Equity Procedure (3rd Ed.), Section 80; 40 Am. Jur., Partition, Section 65. It has been sufficiently alleged that this defendant is one having an equitable interest in this property, therefore, the defendant is a necessary party and the demurrer must be overruled.